# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| EDWARD L. WIGGINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:17CV840–HEH |
| CORRECTIONAL OFFICER JOHNSON, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Complaint)

Edward L. Wiggins, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted this civil action pursuant to 42 U.S.C. § 1983. The action proceeds on the Particularized Complaint ("Complaint," ECF No. 13.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, Wiggins states as follows:[1]

> 1) While Plaintiff was working [his] kitchen job at Greensville Correctional Center, Correctional Officer Johnson, order[ed] Plaintiff to go out of the wrong door to go to medical for daily diabetic check.
> 2) After Officer Johnson open[ed] the wrong door, whereas there was a long line of inmates waiting for their dinner meal. Therefore, Plaintiff had to go over the rail, which cause[d] Plaintiff to have to lean on the door. Officer Johnson, not making sure of Plaintiff being clear of the door, clos[ed] the door, catching Plaintiff['s] finger in the door, and that cause[d] Plaintiff to have received several stitches in his finger. The accident left Plaintiff's finger permanently deformed.
> 3) Correctional Officer Johnson['s] misconduct cause[d] Plaintiff['s] civil rights to be free from injury amounted to a violation of his 8th Amendment cruel and unusual punishment.
> 4) Correctional Officer Johnson['s] misconduct cause[d] Plaintiff['s] 14th Amendment to be violated due to Plaintiff was supposed to go out of the hallway door down the hallway out of [the] building and then proceed to medical. Yet, Officer Johnson order[ed] Plaintiff to out of [the] wrong

---

[1] The Court corrects the spelling and punctuation in quotations from Wiggins's Complaint.

3

door not following the proper procedure which led to hastily closing [the] door causing injury.

(Compl. 1–2.) Wiggins seeks monetary damages. (*Id.* at 2.)

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Here, Wiggins fails to allege facts indicating that Officer Johnson's actions violated his constitutional rights.

#### A. Violation of Institutional Policy

Wiggins claims that Officer Johnson violated both his Eighth Amendment rights and his Fourteenth Amendment rights when he allowed Wiggins to exit using the incorrect door, and then shut the door, "catching [Wiggins's] finger in the door," and causing Wiggins to be injured. (Compl. 1.) Wiggins contends that Officer Johnson failed to "follow[] the proper procedure." (*Id.* at 2.) To the extent that Wiggins argues that Officer Johnson violated his constitutional rights when he failed to follow internal prison policy by allowing Wiggins to use the wrong door, he is incorrect. Even assuming Officer Johnson violated an institutional policy, Wiggins fails to show that he was denied any right guaranteed by federal law. *Cf. Versatile v. Johnson*, No. 3:09CV120, 2011 WL 5119259, at *29 (E.D. Va. Oct. 27, 2011) (citations omitted) (explaining that the failure

4

"to follow proper VDOC procedure . . . fails to state a claim of constitutional dimension"). Wiggins is not entitled to relief under § 1983 for this aspect of his claim.

B.   **Deliberate Indifference**

"[I]t is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater substantive protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Accordingly, to the extent that Wiggins challenges the conditions of his confinement or the deliberate indifference to his health and safety, the Court will evaluate those claims under the Eighth Amendment.

Moreover, while Wiggins includes Eighth Amendment language such as "cruel and unusual punishment" in his Complaint, at most, it appears that Wiggins alleges facts indicating that Officer Johnson may have been negligent in his actions. Negligence is a state law claim. However, Wiggins does not allege state law claims in his Complaint. As explained below, negligence does not amount to a constitutional violation.

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for

5

their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To demonstrate such extreme deprivation, Wiggins "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Id.* at 634 (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an

inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Wiggins argues that Officer Johnson ordered him to use the wrong door, and because there was a line of inmates waiting for food, Wiggins "had to go over [the] rail, which cause[d] [Wiggins] to have to lean on the door." (Compl. 1.) Wiggins also claims that "Officer Johnson, not making sure of [Wiggins] being clear of the door, clos[ed] the door catching [Wiggins's] finger in the door." (*Id.*) Wiggins required stitches and alleges that his finger is "permanently deformed." (*Id.*)

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981). However, "individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury." *Ball v. City of Bristol, Va., Jail*, No. 7:10CV00303, 2010 WL 2754320, at *1 (W.D. Va. July 12, 2010) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)); *see Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (explaining that simple negligence by a prison official that causes injury to an inmate is not an Eighth Amendment violation). Wiggins fails to meet the subjective prong of the Eighth Amendment. Wiggins fails to allege facts indicating that Officer Johnson knew of, and disregarded an excessive or substantial risk of serious injury to Wiggins when he closed the door without noting that Wiggins had his finger in or on the door. *See Farmer*, 511 U.S. at 837. Rather, Wiggins alleges facts that

7

plausibly suggest an accident, or at most a claim of negligence, which is not actionable under § 1983. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle*, 429 U.S. at 105. Wiggins fails to allege facts that plausibly suggest that a violation of the Eighth Amendment has occurred. *See Brazelton v. Holt*, 462 F. App'x 143, 146 (3d Cir. 2012) (explaining that officer shutting inmate's hand in door resulting in injury was either "an unfortunate accident" or "an accident compounded by negligence and carelessness," but "neither scenario" amounted to an Eighth Amendment violation); *Hickman v. Hudson*, 557 F. Supp. 1341, 1346 (W.D. Va. 1983) (citations omitted) (holding that "the alleged negligent closing of a cell door on plaintiff's hand does not state a claim under the Eighth Amendment" (capitalization corrected)); *cf. Jefferson v. Stepp*, 16 F. App'x 474, 475–76 (7th Cir. 2001) (explaining that inmate who tripped, fell, and broke both arms after guards made him walk through vehicular gate because pedestrian gate was locked, alleged at most, an unfortunate accident, but not an Eighth Amendment violation). Because Wiggins does not allege facts indicating that Officer Johnson was deliberately indifferent, Wiggins's Eighth Amendment claim will be dismissed.[2]

---

[2] The Court recognizes that in cases where the facts show that an officer acted with a malicious intent to punish, an inmate may state a cognizable Eighth Amendment claim of excessive force. *See, e.g., Thompson v. Virginia*, 878 F.3d 89, 98, 107 (4th Cir. 2017) (explaining that the excessive force standard is appropriate for a case where an officer used force "maliciously and sadistically to cause harm," whereas the deliberate indifference standard is appropriate in the instance of an officer who knew of and disregarded a substantial risk of serious harm to an inmate). That is not the case here. Wiggins has not alleged any facts suggesting that Officer Johnson's actions were intentional, much less malicious and sadistic.

## IV. CONCLUSION

Wiggins's claims will be dismissed because they fail to state a claim for relief under § 1983. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Aug 20, 2018
Richmond, Virginia