IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



EDWARD L. WIGGINS,

    Plaintiff,

v.                                 Civil Action No. 3:17CV840–HEH

CORRECTIONAL OFFICER
JOHNSON,

    Defendant.

## MEMORANDUM OPINION
(Denying Rule 60(b) Motion)

Edward L. Wiggins, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted this civil action pursuant to 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on August 20, 2018, the Court dismissed the action with prejudice because Wiggins fail[ed] to allege facts indicating that Officer Johnson's actions violated his constitutional rights. (ECF Nos. 14, 15.) On March 18, 2019, the United States Court of Appeals affirmed this Court's dismissal of the action with prejudice. (ECF Nos. 18, 19.) On June 5, 2019, Wiggins submitted a document entitled, "1983 Civil Rights Action To be Reheard Plaintiff Brief Preliminary Statement To Proceed." (ECF No. 24.) In the body of the submission, Wiggins states that he seeks relief under "§ 1983" and Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion").[1]

---

[1] The Court cannot read the letters or numbers contained in the parentheses after "Rule 60(b)." (*Id.* at 1.) However, as discussed later, it is ultimately of no import what Wiggins writes because he is not truly seeking reconsideration of the Court's dismissal of the action.

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party . . . ." *Coleman v. Jabe*, 633 F. App'x 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Although Wiggins identifies his action as brought pursuant to Rule 60(b) in one sentence on the first page, he truly fails to seek reconsideration of the Court's dismissal of this action. Rather, Wiggins simply presents his claims against Defendant Johnson as if this were a new civil action, not an action that the Court already dismissed. Wiggins fails to identify any ground upon which the Court could grant Rule 60(b) relief. Accordingly, Wiggins's Rule 60(b) will be denied.[2]

---

[2] Even if Wiggins had asserted a ground for Rule 60(b) relief, his motion would nevertheless be untimely. Wiggins was required to file his motion within a reasonable time after the entry of the August 20, 2018 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Oct. 21, 2015
Richmond, Virginia

---

than a year after the entry of the judgment or order or the date of the proceeding."). Wiggins's Rule 60(b)(6) Motion, filed more than nine months after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))).